IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUPREE ARMAND MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-3018-X-BN |
| | § | |
| PD CODE 21, ET AL., | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On December 3, 2021, Plaintiff Dupree Armand Mitchell filed a three-page *pro se* complaint presenting no intelligible factual allegations [Dkt. No. 3]; he paid the $402 filing fee; but he did not provide the Court his contact information. United States District Judge Brantley Starr referred Mitchell's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, on December 4, 2021, because Mitchell's allegations, impossible to decipher, qualify as clearly baseless, the undersigned entered findings of fact and conclusions of law recommending that the Court, under its authority to dismiss a complaint on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may granted, *sua sponte* dismiss Mitchell's complaint with prejudice [Dkt. No. 4] (the Initial FCR).

The Initial FCR, through which the Court expressed an intent to dismiss Mitchell's claims with prejudice, was provided to Mitchell when he returned to the Clerk's office on December 30, 2021. The same day, Mitchell filed an amended

complaint, making allegations that are at least as frivolous as those in his original complaint. *See* Dkt. No. 5. He therefore has had, after receiving notice, an opportunity to respond to undersigned's recommendation that this lawsuit be dismissed with prejudice and show how he would cure the deficiencies identified in the Initial FCR. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)); *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." (citation omitted)).

The Court should therefore dismiss this case with prejudice for the reasons in the Initial FCR as supplemented above.

**Recommendation**

The Court should dismiss this action with prejudice.

To be set by separate order, a copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE